120 So.2d 571

**Martin WHETSTONE**

**v.**

**STATE.**

**7 Div. 556.**

Court of Appeals of Alabama.

May 10, 1960.

Pilcher & Floyd, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant, indicted for murder in the first degree, has been found guilty of murder in the second degree, and so adjudged.

■ The evidence presented by the State is ample in its tendencies to support the verdict and judgment.

The court's ruling was invoked only a few times in the trial below, and counsel for appellant has argued as error only one point other than the refusal of certain written charges requested by appellant.

■ The evidence shows that after the appellant had cut deceased he left Gadsden immediately and went to Leeds, Alabama where he surrendered to the police. This was on 24 December 1959. On 26 December 1959, or two days later, he was turned over to Etowah County officers who took appellant back to Gadsden. On his return to Gadsden the appellant made a statement confessory in nature, which was reduced to writing and signed by appellant.

After a full and complete predicate as to voluntariness the oral and written statements were received in evidence, over appellant's objections.

The grounds of objection were that the State had failed to show that no compulsion had been exercised on appellant during the two days he was incarcerated in Leeds, Alabama.

Counsel has advanced this same theory in brief.

No merit attaches to this argument.

■ Where witnesses to whom a confession is made give testimony establishing its voluntary character, the confession becomes prima facie admissible. Burton v. State, 107 Ala. 108, 18 So. 284; James v. State, 14 Ala.App. 652, 72 So. 299.

The accused may then attempt to overcome this prima facie admissibility by showing that the confession was not in fact voluntary. This may be attempted either by cross-examination of the witness through whom the confession is offered, or by evidence offered on voir dire. Hunter v. State, 38 Ala.App. 351, 83 So.2d 737, and cases cited therein.

While counsel for appellant did examine one of the offering witnesses on voir dire, the only evidence sought on this examination was whether the witness knew of any compulsion exercised toward the appellant while in custody of the officers in Leeds, and prior to his being turned over to the Etowah County officers. To this the witness answered in the negative. Clearly such negative evidence in no wise tended to deny the already established voluntary character of appellant's confessory statement. Hunter v. State, supra.

In connection with whether any compulsion was exerted on the appellant in Leeds, we think it might be appropriately noted that the appellant, on his direct examination as a witness in his own behalf, testified that after cutting deceased he went to Leeds and there surrendered to the Chief of Police whom he had known his entire life, and for whom members of appellant's family had worked during appellant's entire life.

A number of written charges requested by appellant were refused by the court. The refusal of two of such charges is the basis of arguments in appellant's brief as constituting error.

We have examined these charges, and also all other refused charges, and are clear to the conclusion that all of the refused charges were covered either by other

charges given at appellant's request, or by the oral charge of the court. No error therefore attaches to the refusal of any of the charges.

Affirmed.